IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADOLFO SANDOR MONTERO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-1035-RP |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendant the United States of America's motion to dismiss, (Dkt. 4). (R. & R., Dkt. 12). Judge Lane recommends that the Court grant the motion. (*Id.* at 6).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b)(1)(C). Plaintiff Adolfo Sandor Montero ("Montero") timely objected to each portion of the report and recommendation, (Objs., Dkt. 19), and the United States responded to his objections, (Resp. Objs., Dkt. 20). Montero also filed a "motion to correct misleading defendant statements to prevent fraud on the Court," (Mot., Dkt. 21), to which the United States responded, (Corr. Resp. Mot., Dkt. 23).[1]

Therefore, the Court reviews the report and recommendation de novo. Having done so, the Court overrules Montero's objections and adopts the report and recommendation as its own order.

---

[1] The Court could construe this motion as a reply to the United States' response, and the United States' subsequent response as a surreply. However, because the Court grants United States' motion to dismiss, Montero's motion is moot.

1

Having also reviewed Montero's history of asserting these and very similar claims in the Western District of Texas, the Court takes the opportunity to warn Montero of the likely consequences of continuing to file lawsuits in this vein. Montero is proceeding pro se. This case is one of four that he has filed in the Western District of Texas asserting nearly identical claims. In each case, his claims were dismissed.. *See Montero v. United States*, No. 1:08-CV-885-JRN (W.D. Tex.); *Montero v. United States*, No. 1:10-CV-250-JRN (W.D. Tex.); *Montero v. United States*, No. 1:12-CV-660-LY (W.D. Tex.). Twice, the Fifth Circuit has determined that Montero's arguments are frivolous, *Montero v. Comm'r*, 354 F. App'x 173, 175 (5th Cir. 2009); *Montero v. United States*, 409 F. App'x 738, 738 (5th Cir. 2011) ("[Montero's] arguments are patently frivolous and devoid of any merit whatsoever."). Moreover, it has upheld a $20,000 sanction against Montero for advancing frivolous arguments. *Montero*, 354 F. App'x at 176. And the Fifth Circuit has itself imposed an $8,000 sanction against him for filing a frivolous appeal. *Montero*, 409 F. App'x at 738–39.

Montero's choice to proceed in this manner harms both the Court and other litigants:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A 1981). If Montero continues to assert these claims in subsequent lawsuits, he will very likely be sanctioned as described below.

Accordingly, **IT IS ORDERED** that Judge Lane's report and recommendation, (Dkt. 4), is **ADOPTED**. Montero's objections, (Dkt. 19), are **OVERRULED**.

**IT IS FURTHER ORDERED** that the United States' motion to dismiss, (Dkt. 4), is **GRANTED**. Montero's claims asserted in this case are **DISMISSED WITH PREJUDICE**.

Montero's subsequent motion, (Dkt. 21), is **MOOT**. The Court will enter final judgment in a separate order.

**IT IS FINALLY ORDERED** that Montero is **WARNED** that filing or pursuing any further frivolous lawsuits may result in (1) the imposition of court costs under 28 U.S.C. § 1915(f); (2) the imposition of significant monetary sanctions under Fed. R. Civ. P. 11; (3) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order levying some combination of these sanctions.

**SIGNED** on July 27, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE